UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Doris Rogers,<br><br>　　Plaintiff,<br>vs.<br><br>Eaton Corporation,<br>Eaton Corporation Health and<br>Welfare Administrative Committee,<br>And<br>Eaton Corporation Disability Plan<br>for U.S. Employees,<br><br>　　Defendants. | Case No. 0:17-cv-4391<br><br>**COMPLAINT** |

---

Plaintiff, for her Complaint against Defendants, states and alleges:

　　1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

　　2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Eaton Corporation, Eaton Corporation Health and Welfare Administrative Committee, and Eaton Corporation Disability Plan for U.S. Employees may be found in this district. In particular, Eaton Corporation is

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota. Eaton Corporation Health and Welfare Administrative Committee and Eaton Corporation Disability Plan for U.S. Employees conduct ongoing business with Minnesota residents, have extensive contacts within Minnesota, and accordingly are found within Minnesota.

3. On information and belief, Defendant Eaton Corporation Disability Plan for U.S. Employees is the employee benefit plan ("Plan") that Eaton Corporation and Eaton Corporation Health and Welfare Administrative Committee created and maintain to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Eaton Corporation is a corporation organized and existing under the laws of the State of Ohio. Eaton Corporation and its subsidiaries are the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Eaton Corporation and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under a group disability policy which was issued by Defendants to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Defendants both fund the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Defendants have a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Defendants' interest in protecting their own assets influenced their decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about March 11, 2014 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

13.     Plaintiff submitted a timely claim to Sedgwick Claims Management Services ("Sedgwick"), a third-party claims administrator, for disability benefits.

14.     Sedgwick Claims Management Services granted Plaintiff's claim for disability benefits, and Defendants paid Plaintiff benefits until March 10, 2016. However, on March 11, 2016 Sedgwick cancelled Plaintiff's disability benefits. Plaintiff appealed Sedgwick's decision, but Sedgwick denied Plaintiff's appeal on August 22, 2016. Plaintiff filed a further appeal, which Defendants denied on February 3, 2017.

15.     Plaintiff provided Defendants with substantial medical evidence demonstrating she was eligible for disability benefits.

16.     Defendants' decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Defendants relied on the opinion of a medical professional who was financially biased by his relationship with Eaton Corporation and as such unable to offer an unbiased opinion;

    b. Defendants relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was

4

            inconsistent with the overall evidence in the record due to a failure to consider the claimant's spinal issues;

        c. Defendants ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

        d. Defendants ignored and misrepresented the opinions of Plaintiff's treating physicians.

17. Defendants abused their discretion in denying Plaintiff's claim.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. The decision to deny benefits was not supported by substantial evidence in the record.

20. Defendants' failure to provide benefits due under the Plan constitutes a breach of the Plan.

21. Defendants' failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from March 11, 2016 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

22. Eaton Corporation' denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Eaton Corporation to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendants;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;
4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits.

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated:    09/26/2017                                      RESPECTFULLY SUBMITTED,

By: /s/ Michael Kemmitt

Michael Kemmitt (MN Bar # 0398423)
Kristen Gyolai (MN Bar # 0395392)
Stephen Fields (MN Bar # 0276571)
**FIELDS LAW FIRM**
701 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Office: 612-370-1511
Michael@Fieldslaw.com
Steve@Fieldslaw.com
Kristen@Fieldslaw.com
*Attorneys for Plaintiffs*